**PENSION BENEFIT GUARANTY CORP., Plaintiff,**

v.

**WEST SIDE BAKERY, INC. and Ropp Realty Corp., Defendants.**

**No. 89 Civ. 1637 (WK).**

United States District Court, S.D. New York.

Nov. 7, 1991.

Deborah Stover–Springer, Pension Ben. Guar. Corp., Office of the General Counsel, Washington, D.C., for plaintiff.

John A. Vasile, McGovern, Connelly & Davidson, New Rochelle, N.Y., for defendants.

## OPINION

WHITMAN KNAPP, Senior District Judge.

By Memorandum and Order on July 25, 1990, we granted partial summary judgment for plaintiff Pension Benefit Guaranty Corp. (PBGC) on its claim for due and unpaid contributions against defendant West Side Bakery, but denied summary judgment with respect to the claim for employer liability against both defendants. *See Pension Benefit Guaranty Corp. v. West Side Bakery*, (S.D.N.Y.1990) 742 F.Supp. 1251. This denial was based on our ruling that a question of fact existed as to whether or not plaintiff had properly complied with 29 U.S.C. § 1362(c). We

subsequently held a hearing on the issue of employer liability, at the conclusion of which we granted summary judgment against both defendants. We file this opinion to explain the manner in which plaintiff established compliance with the statute.

It will be recalled that the following had been established: (1) the two defendants, West Side Bakery, Inc. and Ropp Realty Corp., taken together, were the "employer" for ERISA purposes; (2) plaintiff's recovery for employer liability was limited by statute to 30 percent of the joint net worth of these two corporations; and (3) Ropp Realty had a positive net worth of $89,994 while West Side had a negative net worth of $274,565. Upon these undisputed propositions defendants contended that the two corporation's joint net worth was a minus figure, and that plaintiff was therefore entitled to no recovery. Plaintiff, on the other hand, contended that accepted accounting practice—which it had followed since ERISA's enactment—would assign a zero value to West Side's negative net worth, so that the resulting joint net worth would be Ropp's $89,994. However, plaintiff offered no evidence—except its counsel's bare assertion—to establish either that such practice was accepted and reasonable or that it had previously been followed. *See PBGC*, 742 F.Supp. at 1252 n. 6, 1255 n. 1. We ruled that, absent such supporting evidence, there was no basis on which we could make the finding—required under the then relevant provisions of § 1362(c)—that plaintiff had made a reasonable effort to determine the "current status of the employer's operations and prospects." *Id.* at 1254. We accordingly concluded that the parties' conflicting contentions presented a question of fact that would require testimony to resolve.

At the ensuing hearing plaintiff presented the testimony of Daniel Chaplin Bennett—an expert in financial analysis whom we found to be wholly credible—whose testimony established that the challenged accounting practice had indeed been in use since ERISA was enacted. He further satisfied us that the practice was wholly reasonable. No contrary evidence was of-

fered. We accordingly found that the noted factual dispute had been resolved and granted plaintiff's motion for summary judgment.